Robinson, J.
 

 This action was begun in the court of common pleas of Hamilton county by the defendant in error to restrain the auditor and treasurer of Hamilton county from deducting the sum of $384.67 from the taxes collected for, or on
 
 *267
 
 behalf of, the village of Deer Park; said sum being charges for 24% days service at $15 per day, and expenses for mileage, postage, street car fare, and typewriting, of one Joseph T. Ferguson, a state examiner, in the examination of the offices of the village of Deer Park, under Section 274, and succeeding sections, of the General Code, upon the ground that Section 276, General Code, under which the charges were made, is not of uniform operation throughout the state, and is therefore unconstitutional.
 

 It was the judgment of the trial court that Section 276, General Code, is unconstitutional, and, upon error being prosecuted to the Court of Appeals, that court affirmed the judgment of the trial court. Error is prosecuted here.
 

 Section 274, General Code, makes the auditor of state chief inspector and supervisor of public offices, and empowers him to appoint deputy inspectors and supervisors. Succeeding sections empower him to appoint state examiners and assistant state examiners, and provide that the chief inspector and supervisor shall prescribe and require the installation of systems of accounting and reporting for the public offices of the state, including the offices of the various taxing districts of the state, that the system of accounting shall be uniform in its application to offices of the same grade, and that the bureau of inspection and supervision of public offices shall examine township, village, and school district offices once in every two years, and all other offices, except the office of justice of the peace, at least once in every year.
 

 Section 276, General Code (109 Ohio Laws, 98), provides:
 

 
 *268
 
 “State examiners shall receive the same compensation as is paid the auditor of the county in which the examination is held, said compensation to be reduced to a per diem basis by dividing the annual compensation of said county auditor by 300; provided, such per diem compensation shall not be more than fifteen dollars nor less than eight dollars per day. Assistant state examiners shall receive one-half of the above compensation so determined, except that in no event shall the per diem compensation be less than five dollars.”
 

 The function performed by the state examiners and assistant state examiners is a state function, and the examiners are state employes.
 

 By Section 288, General Code (97 Ohio Laws, 274), the Legislature provided that the expenses of the inspection and auditing of the public accounts and reports of each taxing district shall be borne by the district, and by Section 276, General Code, the Legislature declared the rule by which the per diem Avage of the examiner, or assistant examiner, for the examination of each taxing district shall be ascertained, which rule is based solely upon the salary of the auditor of the county in which the taxing district is located, and therefore has no relation to the character of the labor required in making the inspection and audit of the accounts and reports of the taxing district, nor to the classification of the taxing district by population or tax valuation, but relates only to the location of the taxing district. Under the rule, it may well occur that two villages of equal size and equal wealth, located equally distant from a large center of population with a
 
 *269
 
 high tax valuation, will he required under Section 276, General Code, to pay widely different sums per diem for the same service, because perchance one is located in the same county as the populous center and the other over the line in a county sparsely settled and having a low tax valuation.
 

 The law providing for the examination of the offices of the state by the chief inspector and supervisor of public offices, and his various assistants, is a law of general nature, and under Section 26 of Article II of the Constitution of Ohio is required to be of uniform operation throughout the state.
 

 Section 276, General Code, basing its rule for determining the per diem compensation of state examiners and assistant state examiners upon the compensation of the auditor of the county in which the taxing district examined is located, is an arbitrary rule, the basis of which has no relation to the character or extent of the service required or the classification of the taxing district according to population or valuation, and because of the wide variation in the salaries of the various county auditors of the state, by reason of the difference in population and tax valuation of the various counties, operates unequally upon taxing districts, of the same class. It therefore violates the mandate of Section 26, Article II, of the Constitution of Ohio.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day and Ktnkade, JJ., concur.